UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
LISA MOORE,                         )
                                    )
        Plaintiff                   )
                                    )       No. 3:12-0359
v.                                  )       Judge Sharp/Brown
                                    )
ANTHEM LIFE INSURANCE COMPANY,      )
                                    )
        Defendant                   )
```

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on July 24, 2012, via telephone conference, and was attended by Jeremy L. Bordelon for Plaintiff, and Cavender C. Kimble for the Defendant.

2. **Service of process.** The parties agree that Defendant has been properly served.

3. **Jurisdiction is not disputed.** The Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).

4. **Initial Disclosures.** Defendant asserts that this case is excluded from the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on the basis that this is "an action for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(E)(i). "Plaintiff disputes that an ERISA action is exempt from initial disclosures, as it is not truly a review of an

administrative agency decision. *See Crume v. Metropolitan Life Ins. Co.* 388 F.Supp.2d 1342 (M.D. Fla., 2005); *Hamma v. Intel Corp.,* 2008 U.S. Dist. LEXIS 22670 (E.D. Cal. March 4, 2008)." Nonetheless, the parties agree that the service of the ERISA administrative record by the Defendant on the Plaintiff will satisfy the requirements of service of initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure. Defendant shall file and serve the Administrative Record in this case in accordance with the schedule set forth in paragraph 4.C below.

     **5.   Discovery Plan.** As limited below, the Parties jointly propose to the court the following discovery plan:

     A.   No party has served discovery at this time.

     B.   Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. § 1132(a)(1)(B), and as such the Court's review is limited to a review of the administrative record before the claim decision maker at the time the decision to deny benefits was made. Defendant contends that discovery is permitted only after an initial showing demonstrating the existence of bias or some procedural irregularity. Defendant further contends that no discovery is needed or appropriate. Plaintiff acknowledges that the record is closed with respect to additional evidence of disability but argues that Sixth Circuit precedent leaves open the possibility

2

of discovery and the court's consideration of evidence of bias or violation of due process on the part of the decision-maker. Moreover, Plaintiff points out that there is always the possibility that the parties will disagree as to what constitutes the ERISA administrative record. To address these concerns, the Parties propose the following schedule with respect to discovery.

      C.    Defendant shall file the Administrative Record with Court and serve a copy of same on Plaintiff no later than **August 31, 2012**. Should Plaintiff have any objection to the content of the filed Administrative Record, such written objection shall be filed on or before **September 28, 2012**.

      D.    The Parties will endeavor to resolve any discovery disputes between themselves, prior to involving the Court.

      E.    Should Plaintiff seek to take any limited discovery as may be allowed in an ERISA action, the Plaintiff shall serve such proposed discovery on or before **September 28, 2012**. Plaintiff's service of discovery shall not be considered a waiver by Defendant of the propriety of or acceptance of discovery, either generally or as to specific discovery requests.

      F.    The Defendant shall (i) respond to the proposed discovery, or (ii) notify Plaintiff in writing that Plaintiff is not entitled to conduct the proposed discovery or that all or a portion of the proposed discovery is outside the bounds of

3

discovery permitted in a claim seeking the recovery of an ERISA benefit by no later than **October 29, 2012**.

   G. Should the Parties be unable to agree as to any proposed discovery, Plaintiff shall file a motion requesting leave to serve the proposed discovery with the Court by no later than **November 9, 2012**.

   H. Nothing in this discovery plan will be considered as a concession from or waiver by the Defendant that discovery is allowable in an ERISA benefits claim.

  **6.** **Other Items.**

   A. The Parties do not request a conference with the Court before entry of the scheduling order.

   B. The Parties do not anticipate any need to amend the pleadings or to join additional parties. In the event that joinder or amendment is necessary, Plaintiff should be allowed until **August 31, 2012**, to join additional parties and to amend the pleadings; Defendant should be allowed until **September 28, 2012,** to join additional parties and to amend the pleadings.

   C. This is a claim for ERISA benefits under 29 U.S.C. §1132(a)(1)(B), and will thus ultimately be decided on the Parties' respective motions for judgment, pursuant to *Wilkins v. Baptist Healthcare*, 150 F.3d 609 (6th Cir. 1998). All *Wilkins* motions for judgment should be filed by **December 14, 2012**, or if any motions concerning discovery remains pending with the Court on

4

that date, within **60 days** after resolution of discovery motions and the close of discovery. Responses to motions for judgment are due within **28 days** of said motions being filed, or by **January 13, 2013**, whichever date occurs first. Reply briefs, if any, limited to **five pages**, will be filed within **14 days** of any response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

      D.    Settlement possibilities are unknown at this time. The parties intend to explore settlement negotiations in good faith.

      E.    A trial is not permitted in this civil action under ERISA. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 617-20 (6th Cir. 1998). Therefore, final lists of witnesses and exhibits under Rule 26(a)(3) are not necessary in a claim for ERISA benefits, as the case will be decided on cross-motions for summary judgment.

      It is so **ORDERED**.

                                /s/ Joe B. Brown
                                JOE B. BROWN
                                United States Magistrate Judge